**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2695-17T3

ORIX PUBLIC FINANCE, LLC,

     Plaintiff-Appellant,

v.

LYNN MARIE MELTON-KAUFMAN,
Individually and as Executrix of the
Estate of DOLORES E. MERCER,
deceased, and STATE OF NEW JERSEY,

     Defendants,

and

EMAD AMIN,

     Defendant/Intervenor-
Respondent.

Argued December 19, 2018 – Decided March 22, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-035110-14.

Adam D. Greenberg argued the cause for appellant (Law Offices of Honig & Greenberg, LLC, attorneys; Adam D. Greenberg, on the briefs).

Pasquale Agresti argued the cause for respondent.

PER CURIAM

Plaintiff Orix Public Finance, LLC, appeals a January 16, 2018 order, and a February 16, 2018 denial of reconsideration, permitting Emad Amin, a third-party, to intervene in the within foreclosure action after he purchased the subject property and attempted to redeem the associated tax sale certificate. Amin moved to intervene prior to the redemption date in the pending tax foreclosure matter. We affirm the challenged orders.

On September 7, 2017, the trial court entered a default judgment against defendant Lynn Marie Melton-Kaufman, who had inherited the property from her late mother Dolores E. Mercer. Melton-Kaufman and Amin contracted for Amin to purchase the property. The November 8, 2017 settlement sheet reflects a purchase price of $50,000, to be paid by an unrecorded mortgage taken back by Melton-Kaufman, in the amount of $50,000, along with $86,174.88 towards the payoff of all liens on the property and current taxes. When Amin attempted to redeem the tax sale certificate at the office of the tax collector, and tendered

$84,569.08, Orix rejected the attempted redemption and the tax collector's office did not issue the certificate formalizing redemption.

The redemption date had been fixed in the tax sale foreclosure action as December 26, 2017—the date was subsequently adjourned to January 31, 2018, by way of an order to show cause with restraints signed on December 21, 2017. The judge also allowed Amin to intervene, and set a schedule for a hearing on the issue of redemption.

In the intervening time, Orix moved to foreclose Amin from the proceedings, and to declare the attempted redemption improper. After reviewing the relevant case law and statutes, relied upon by Orix on appeal, the court concluded that because Amin moved to intervene before the redemption deadline and paid Melon-Kaufman more than nominal consideration, the intervention would be allowed along with the redemption. The judge noted Melton-Kaufman had written a letter in support of Amin's application, in which she stated that the property was in poor condition and had underground oil tank contamination, which Amin had agreed to remediate. The motion was denied, and Orix was ordered to accept the tendered amount in satisfaction of the tax sale certificate.

Orix filed a motion for reconsideration. The judge, noting that Orix had failed to meet the standard for reconsideration of the original decision, denied the motion.

On appeal, Orix raises the following point:

> I. AFTER A TAX FORECLOSURE HAS BEEN FILED, ANYONE SEEKING TO REDEEM MUST BE A PARTY TO THE ACTION. A NON-PARTY WHO REDEEMS WITHOUT INTERVENTION IS DENIED RELIEF AND THE PLAINTIFF IS GIVEN THE BENEFIT OF THAT NON-PARTY'S TRANSACTION BY IMPOSITION OF A CONSTRUCTIVE TRUST.

Orix's interpretation of the relevant case law would impose a rigid sequential requirement, even in cases where no prejudice inured to the plaintiff in a tax foreclosure proceeding. If a failed attempt to redeem is followed by intervention in a tax foreclosure proceeding before the time for redemption has passed, the failed attempt does not forever bar the proposed intervenor. Nor has Orix identified a case that bars court-ordered extensions of the redemption date.

A trial court's order regarding intervention in a tax sale foreclosure is reviewed under an abuse of discretion standard. Town of Phillipsburg v. Block 1508, Lot 12, 380 N.J. Super. 159, 172 (App. Div. 2005). An abuse of discretion occurs where a decision is made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg

v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We agree with Orix that a third-party investor must intervene in a foreclosure action before redeeming a tax sale certificate. See N.J.S.A. 54:5-89.1 and 54:5-98. Additionally, N.J.S.A. 54:5-89.1 "bars a party from intervening in a tax foreclosure action when claiming a right in the property that was acquired 'for a nominal consideration.'" FWDSL & Assocs., LP v. Berezansky, 452 N.J. Super. 408, 412 (App. Div. 2017). In order to intervene and redeem, a third-party investor must establish more than nominal consideration. Simon v. Cronecker, 189 N.J. 304, 322 (2007).

In this case, however, no abuse of discretion occurred when the judge allowed intervention. Although the timing was not initially in lockstep with the statutory scheme, Amin's unsuccessful attempt to redeem and subsequent intervention were made during the timeframe in which redemption was permissible. The redemption actually occurred after the court authorized intervention and redemption. Intervention allows for judicial oversight by the chancery court of the process and the proposed amount of consideration. Ibid. Intervention is not designed to put the holder of a tax sale certificate in an immutable preferential position vis-à-vis redemption.

A-2695-17T3

In Cronecker, the third party attempted to intervene in the foreclosure action after the redemption deadline. Id. at 312-13. That was not the case here. Orix was in no worse a position because of the chronology of events than it would have been had Amin intervened first, sought judicial review of the offered consideration, and then once having obtained approval, proceeded to redeem the tax sale certificate.

Turning to the court's decision that the consideration was more than nominal, that is not an abuse of discretion either. The property was in poor condition, and among other things, required remediation because of a leaking oil tank. Amin was willing to undertake the repairs of the property, the environmental cleanup, remove all the violations on the property, and pay the owner $50,000. This is more than nominal consideration; it is "consideration that is not insubstantial under all the circumstances; it is an amount, given the nature of the transaction, that is not unconscionable." Id. at 335.

Rule 4:64-6(b) allows for redemption of a tax sale certificate at any time prior to the entry of final judgment. Thus there was no abuse of discretion in either decision the judge made. The consideration here was more than nominal, namely, a $50,000 mortgage, and the willingness to undergo the expense of returning the property to a habitable condition. No final judgment had been

6

entered—in fact, the date for redemption had not passed. The judge's focus on the nature of the consideration and factors relative to allowing intervention did not inexplicably depart from established policies or rest on an impermissible basis.

Nor did the judge err in failing to grant reconsideration. That is a decision also within the sound discretion of the court, to be exercised in the interest of justice. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). The interests of justice were satisfied by the judge's initial decision. Orix did not establish that the court had decided the matter on a palpably incorrect or irrational basis, or failed to consider probative evidence. Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2695-17T3